58955. WELLS et al. v. BANKS et al.

SHULMAN, Judge.

Appellants are students who were scheduled to graduate from high school in Tattnall County in 1978. Prior to the scheduled date of graduation, they formally requested that the Tattnall County Board of Education rescind, or modify so as to exempt appellants from complying with, a policy of the local board which established as a requirement for graduation with a diploma that each student demonstrate by means of a score on an achievement test that he or she possessed the skills in math and reading expected of a student entering the ninth grade. The local board, following a hearing, denied the request. That denial was affirmed by the State Board of Education. Appellants appealed the decision of the State Board of Education to the Superior Court of Tattnall County. It is from the judgment of that court, affirming the decision of the State Board, that this appeal is taken.

1. In two enumerations of error, appellants present arguments to the effect that the local board acted beyond its authority in imposing the achievement test requirement.

Appellants' first argument concerning the authority of the local board to impose the requirement at issue here is founded on Code Ann. § 32-653a, which reads in pertinent part as follows: "The State Board shall establish and enforce minimum standards for operation of all phases of public school in Georgia and for operation of all public elementary and secondary schools and local units of school administration in Georgia so as to assure, to the greatest extent possible, equal and adequate educational programs, curricula, offerings, opportunities and facilities for all Georgia's children and youth . . ." Based on that statutory language, appellants urge that the local board had no authority to impose a requirement for

graduation in conflict with the requirements imposed by the State Board.

However, appellants have not pointed out nor have we found, any conflict between the action of the local board and the standards established by the State Board. In fact, there appears in the record of this case a document from the State Board establishing the requirements for high school graduation. Nowhere in that document is there any indication that local boards may not impose additional requirements. On the contrary, the State Board's policy specifically permits local boards to require additional credit units for graduation and makes it the *responsibility* of local boards to establish "performance objectives" (defined in the same document as "objectives established by local boards of education as being acceptable levels of achievement for contemporary life role skills defined by the State Board of Education"), and "performance indicators" (defined in the State Board's policy as "measures *defined by local school systems* to be used as proof of the student's skills or knowledge.") (Emphasis supplied.) One of the "life role skills" identified by the State Board is explained as follows: "Learner— Each citizen should have proficiency in reading, writing, listening, analyzing and speaking. He should also have basic computing skills." The State Board's policy on graduation requirements also includes the following comment on "life role skills": "They are not to be construed as a replacement for courses of study; rather, they are identified as a positive reinforcement of skills and knowledge. High school graduation requirements will include these areas in addition to the required clock hours and attendance specified. These broad areas are identified in an effort to allow local boards of education to recognize the thrust of this policy." Considering the authority granted the local boards by the policy considered above, we find no merit in appellants' argument that the local board's imposition of an additional requirement for graduation conflicts with the State Board's requirements.

For the same reasons, we find unpersuasive appellants' argument that the local board's action required prior approval from the State Board because of

the responsibility placed on the State Board by Code Ann. § 32-408 to prescribe "a course of study" for all schools and the authority granted by that section to "approve additional courses of study set up by the local units of administration . . ." The very language used by the State Board shows that such objectives and indicators as are here involved are not "courses of study." Testimony presented at the hearing before the local board established that the requirement for a minimal level of achievement in reading and writing, as measured by the testing requirement involved here, was for the same purposes advocated by the State Board's policy.

We conclude, therefore, that the local board had full authority to impose the requirement of which appellants complain.

2. Appellants argue that, even assuming the local board's authority to implement the achievement test score requirement for graduation with a diploma, its application denies them due process of law and equal protection of law. We cannot agree.

We do agree with appellants that, having extended to all children in Georgia the right to an education, the state cannot arbitrarily withdraw that right. Cf. Goss v. Lopez, 419 U. S. 565 (95 SC 729, 42 LE2d 725). We do not, however, find any application of that principle to this case. In the first place, appellants have not been denied the right to take part in the public education system. In fact, rather than denying appellants an education, the testing requirement is clearly designed to ensure that they receive some actual benefit from that system before leaving it with a diploma. In the second place, even if it were conceded that appellants have been deprived of some property interest in an education, the record in this case clearly shows that more than adequate notice of the imposition of this additional requirement for graduation was given to appellants and their parents. In addition, there is a statutorily provided procedure for contesting actions of the school board (Code Ann. § 32-910), which procedure was utilized by appellants. We find no merit in the claim of a violation of appellants' right to due process.

The argument that appellants have been denied equal protection is also without merit. That argument is

based on appellants' contention that they are being treated differently from students in other counties in Georgia. However, since, as we have held, the local school board was acting within its statutory authority and since our Constitution and Code provide the local school boards with sweeping authority in the governing of local school systems (Code Ann. §§ 2-4302, 32-901, 32-912), the fact that other school boards may choose to employ other methods to control the quality of education in their systems does not evince a denial of equal protection. We must look to the administration of the requirement within Tattnall County rather than the state as a whole. Since the evidence shows without contradiction that the testing requirement is uniformly applied in Tattnall County, appellants have been accorded equal protection.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED FEBRUARY 22, 1980 —

*Richard D. Phillips,* for appellants.
*J. Franklin Edenfield, B. Daniel Dubberly, Jr., M. Francis Stubbs,* for appellees.